```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
RUBEN MORA TORRES,                       :     07 Cr. 967 (DLC)
                    Petitioner,          :     09 Civ. 5552 (DLC)
                                         :
          -v-                            :
                                         :     OPINION & ORDER
UNITED STATES OF AMERICA,                :
                    Respondent.          :
                                         :
-----------------------------------------X
```

Appearances:

For Petitioner:

Ruben Mora Torres
Prisoner No. 038-844-791
Willacy Detention Center
1800 Industrial
Raymondville, TX 78580
PRO SE

For Respondent:

Chi T. Steve Kwok
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

Through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 dated May 18, 2009 and received on May 26, 2009, petitioner Ruben Mora Torres ("Mora") asserts that his plea of guilty was involuntary because he did not understand at the time he entered his plea that he was "subject" to

deportation.  He challenges his assigned counsel as ineffective for the same reason.  For the following reasons, the petition is denied.

## BACKGROUND

On February 8, 2008, a two-count information was filed against Mora charging him with participating in a conspiracy to distribute and with distributing 500 grams or more of cocaine, each count of which carried a mandatory minimum term of imprisonment of five years.  Mora entered a plea of guilty on the same day pursuant to a cooperation agreement with the Government.  At the allocution, Mora was asked whether he was a citizen of the United States, and when he said that he was not, he was asked, "Do you understand that if convicted of these crimes it will be far easier to deport you from this country?"  Mora responded, "yes."

The cooperation agreement, which Mora acknowledged reading, discussing with his attorney, understanding and signing before the plea allocution, indicated that the agreement did not bind the Bureau of Immigration and Customs Enforcement.  By signing the agreement, Mora also waived any challenge to his plea or sentence based on the immigration consequences of the plea and agreed "not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his

guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence."

The Presentence Investigation Report ("PSR") advised Mora that he is "amenable to removal proceedings." Defense counsel's sentencing memorandum also noted that Mora might be subjected to removal proceedings "as a result of his conviction."

At the sentencing proceeding on September 26, 2008, the Court determined that Mora and his counsel had reviewed the PSR and discussed it with each other. The Court imposed principally a sentence of time served, and indicated that the decision about deportation would be made by a different branch of government. For whatever assistance the Court's insight might give to that decision-maker, the Court added that it knew of "no reason for this defendant to be deported." Mora was advised of his right to appeal, but filed no appeal.

Mora's petition for a writ of habeas corpus is dated May 18, 2009, and was received by the Pro Se Office of this court on May 26. Mora indicates that by the time he became aware of the consequences of his plea, it was too late to file a notice of appeal. He complains that he did not know that he might be deported because of his plea and that his attorney failed to advise him of that fact.

DISCUSSION

This petition must be dismissed.  It is unnecessary to explore many of the legal infirmities associated with this petition.  They include procedural defaults and the failure to establish that the voluntariness of a plea turns on a defendant's understanding of the collateral consequences of a plea such as possible deportation.

This petition principally fails because Mora cannot establish the factual predicate for his attack on his plea.  A defendant's statements at a plea allocution bind him.  See United States v. Oberoi, 547 F.3d 436, 459 (2d Cir. 2008) ("The district court is entitled to accept a defendant's statements under oath at a plea allocution as true." (citation omitted)). As the plea allocution demonstrates, Mora was specifically advised that his plea of guilty and conviction would enhance the likelihood that he would be deported.

Moreover, by executing the cooperation agreement, Mora received a substantial benefit from the Government but also waived his right to challenge his conviction based on, inter alia, the immigration consequences of the plea and conviction. The benefits that Mora received from that cooperation included a sentence of time-served despite his entry of a plea to crimes carrying statutory minimum terms of imprisonment.  Given this

history, Mora is also unable to show that he received ineffective assistance of counsel at the time of the plea.

CONCLUSION

The May 18, 2009 petition is dismissed.  In addition, the Court declines to issue a certificate of appealability.  Mora has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted.  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).  The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         November 2, 2009

_____
            DENISE COTE
       United States District Judge